PER CURIAM:
Claimant, Adolfo M. Torres, seeks an award of $766.22 from respondent, Division of Highways, for damages to his vehicle as a result of driving across an expansion joint.
On April 5,1994, claimant was driving his vehicle, a 1993 Mitsubishi Eclipse, west on Interstate 64 at approximately 6:30 p.m. As claimant crossed the Fort Hill Bridge, his vehicle struck an expansion joint and estimated his speed to be between 50 and 55 miles per hour. After the incident, he continued driving home without any noticeable mechanical problems. However, the following morning he noticed the vehicle would vibrate while traveling at low speeds. The vehicle was examined by an auto mechanic and found to have three bent rims. An estimate of $766.22 for replacing the three wheels and aligning the front end of the vehicle was entered into evidence. Claimant testified he has insurance coverage for this incident and has received $560.26 from his insurance carrier. Claimant’s out-of-pocked expenses were $205.94 which is the amount of his claim.
A former maintenance supervisor for respondent, Macie Legg, was familiar with the Fort Hill Bridge and the expansion joint struck by claimant. At the time of the accident temporary patching measurers were used to fill the expansion joint until a contractor could be hired to permanently fix the expansion joint. Mr. Legg noted that the expansion joint was located in an elevated curve which made it difficult to maintain.
The State is neither an insurer nor a guarantor of the safety of persons traveling on its highways. Adkins v. Sims, 130 W.Va. 645, 46 S.E.2d 81 (1947). However, the State can be found liable if it fails to exercise reasonable care and diligence in the road maintenance under all circumstances. Jones v. Dept. of Highways, 16 Ct.Cl. 36 (1985). The evidence reveals respondent was aware of the defective expansion joint. However, no evidence was offered to show respondent posted signs warning of the defect. In addition, the road defect was located on a major highway which is a heavily traveled interstate. Although respondent made attempts to remedy the problem, the Court finds the temporary patching of the expansion joint without any other warning devices inadequate for this road defect, Therefore, the Court finds respondent negligent in its maintenance of the Fort Hill Bridge at the time of claimant’s accident.
In accordance with the principal regarding collateral sources, the Court makes an award of $205.96.
*146 Award of $205.96.